IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY PASCHAL,                                                            PLAINTIFF

v.                          Civil No. 4:24-CV-04034-SOH-BAB

SHERIFF LEROY MARTIN; Columbia
County, Arkansas; JAIL ADMINISTRATOR
GEAN SIEGER, Columbia County Detention
Center ("CCDC"); and CHIEF DEPUTY
JERRY MANESS,                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff Gregory Paschal, a prisoner, initiated a civil rights complaint pursuant to 42 U.S.C. § 1983 generally alleging that his conditions of confinement at the Columbia County Detention Center ("CCDC") violated his constitutional rights and that CCDC officials failed to provide him with constitutionally adequate medical care. (ECF No. 5).[1] Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 7). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Court Chief Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to comply with court orders.

## BACKGROUND[2]

Plaintiff's Amended Complaint asserts two grounds for relief pursuant to 42 U.S.C. § 1983. (ECF No. 5). First, Plaintiff claims that Defendants Martin, Sieger, and Maness knew that the roof at the CCDC leaked, causing mold to develop and negatively impacting the air

---

[1] Plaintiff was an inmate at the Columbia County Detention Center ("CCDC") during the events giving rise to his claims, *see* (ECF No. 5), and is currently incarcerated at the Arkansas Division of Correction, Varner Unit, in Grady, Arkansas, (ECF No. 36).

[2] This section does not endeavor to describe every docket entry, only those relevant to the Court's consideration of Defendants' Motion to Dismiss.

1

quality in the jail, but they did nothing to remedy the problem. Second, Plaintiff says that from May 25, 2023, to March 8, 2024, he was denied medical care for the breathing problems he was experiencing due to the mold in the jail. *See* (ECF No. 5).

Upon preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered that the Amended Complaint be served on Defendants Martin, Sieger, and Maness. (ECF No. 10). After the Defendants filed their Answer, this Court ordered the Defendants to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by August 12, 2024, or promptly file a notice informing the Court and Plaintiff that they did not intend to pursue that affirmative defense at trial. (ECF No. 14). On July 23, 2024, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, arguing that while Plaintiff submitted a grievance outlining the claims in his Amended Complaint, he did not appeal Defendant Sieger's response to that grievance, contrary to the CCDC's grievance procedure. (ECF Nos. 15-17). This Court then ordered Plaintiff to respond to Defendants' Motion for Summary Judgment by August 13, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 18). That Order included instructions on how to respond. *Id.*

On August 8, 2024, Plaintiff requested additional time to respond. (ECF No. 19). This Court granted Plaintiff's request that same day and ordered Plaintiff to respond by September 13, 2024. (ECF No. 20). When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders. (ECF No. 21). Plaintiff's show cause response was due October 9, 2024. *Id.* On October 8, 2024, Plaintiff submitted a response in opposition to Defendants' Motion for Summary Judgment. (ECF No. 22). As the Court understands it, Plaintiff asserts that he submitted a

grievance on his claims before initiating this action.  *Id.*  Plaintiff also submitted a motion to appoint counsel.  (ECF No. 23).

After considering Defendants' Motion for Summary Judgment, this Court recommended that the motion be denied.  (ECF No. 24).  Chief District Court Judge Susan O. Hickey later adopted those recommendations without objection.  (ECF No. 31).  This Court also denied Plaintiff's Motion to Appoint Counsel, on the grounds that discovery had not yet commenced in this action and thus it was premature to determine whether there were any factual disputes requiring investigation or if there would be any conflicting testimony and that Plaintiff was adequately prosecuting this matter on his own at that time.  (ECF No. 25).  That same day, this Court entered an initial scheduling order governing discovery and directing that any motion for summary judgment on the merits be submitted by May 16, 2025.  (ECF No. 26).

On January 3, 2025, Plaintiff filed a notice clarifying the spelling of his last name and, again, requesting appointment of counsel, but Plaintiff failed to articulate any basis for his request for counsel.  (ECF No. 29).  That motion was denied.  (ECF No. 29).  On January 30, 2025, Defendants filed a notice saying that their initial disclosures had been produced to Plaintiff in accordance with the scheduling order.  (ECF No. 32).  On February 20, 2025, Plaintiff submitted a notice of change of address, indicating that he had been transferred to the Arkansas Division of Correction ("ADC") and was incarcerated in Malvern, Arkansas.  (ECF No. 33).

Approximately one month later, on March 19, 2025, Defendants filed a Motion to Compel, asserting that Plaintiff had not complied with their discovery requests and good faith efforts to resolve the discovery issues had been unsuccessful.  (ECF Nos. 34-35).  On March 31, 2025, Plaintiff submitted a second notice of change of address indicating he had been transferred to the

3

ADC, Varner Unit in Grady, Arkansas. (ECF No. 36). On April 9, 2025, Defendants filed a Motion to Stay the Initial Scheduling Order. (ECF No. 37).

On April 10, 2025, this Court granted Defendants' Motion to Compel, in part, and denied it, in part. (ECF No. 38). That Order directed Plaintiff to respond to the Defendants' relevant discovery requests, as ordered, by April 24, 2025, failing which this matter would be subject to dismissal for failure to prosecute and failure to comply with court orders. (ECF No. 38). That Order also extended the deadline to complete discovery to May 16, 2025, and the deadline to submit a motion for summary judgment on the merits to June 16, 2025. *Id.* This Order was not returned as undeliverable. On April 30, 2025, Defendants filed a Motion to Dismiss on the grounds that Plaintiff had not responded to their discovery requests as ordered. (ECF Nos. 39-40). That same day, this Court ordered Plaintiff to respond to Defendants' Motion to Dismiss by May 21, 2025, failing which this matter would be subject to dismissal. (ECF No. 41). This Order was also not returned as undeliverable. When Plaintiff filed no response by the May 21, 2025, deadline, this Court entered an order to show cause why this matter should not be dismissed. (ECF No. 42). The order to show cause deadline was June 20, 2025. *Id.* This Order was not returned as undeliverable. The order to show cause deadline has now also passed and Plaintiff has neither responded nor communicated with this Court in any way.

**LEGAL STANDARD**

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to

4

>within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## ANALYSIS

Here, Plaintiff has failed to comply with at least three court orders—the Order on Defendants' Motion to Compel Disclosure, (ECF No. 38), the Order directing him to respond to Defendants' Motion to Dismiss, (ECF No. 41), and the order to show cause, (ECF No. 42). These orders were not returned as undeliverable, but Plaintiff has not responded to any of them or communicated with this Court in any way. Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for his noncompliance. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that this matter be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

In sum and for all the reasons outlined above, therefore, **IT IS RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: No longer referred.**

DATED this 2nd day of July 2025.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE